UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x  FOR PUBLICATION
:
In re:                                                      :  Chapter 13
:
Hyun Jeong Han,                                             :  Case No. 25-12126 (JPM)
:
:
                Debtor.                     :
:
------------------------------------------------------------x

**MEMORANDUM OPINION AND ORDER (I) GRANTING DEBTOR'S MOTION FOR AN 11 U.S.C. § 105(a) INJUNCTION; (II) GRANTING IN PART WELLS FARGO BANK'S MOTION FOR AN ORDER CONFIRMING THAT THE AUTOMATIC STAY DID NOT GO INTO EFFECT; AND (III) DENYING WILMINGTON SAVINGS FUND SOCIETY, FSB'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**JOHN P. MASTANDO III**
**UNITED STATES BANKRUPTCY JUDGE**

## I.  INTRODUCTION

Before the Court is the motion of secured creditor Wilmington Savings Fund Society, FSB ("WSFS") for relief from the automatic stay ("WSFS Motion") to proceed with a foreclosure action against the Debtor's residence, dated November 12, 2025, Dkt. No. 22,[1] and the motion of secured creditor Wells Fargo Bank ("Wells Fargo") for an order confirming that the automatic stay did not go into effect pursuant to 11 U.S.C. § 364(c)(4)(A)(i) ("Wells Fargo Motion"), dated November 17, 2025, Dkt. No. 23.

The Court is also in receipt of the Debtor's omnibus opposition ("Opposition") to the WSFS Motion and the Wells Fargo Motion, dated December 11, 2025, Dkt. No. 26, as well as the Debtor's supplemental opposition brief ("Supplemental Brief"), dated January 5, 2026, which moves for an injunction under 11 U.S.C. § 105(a) to enjoin any foreclosure action as to the Debtor's residence, Dkt. No. 31.

The Court held a hearing on January 15, 2026.

## II.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1) and the Amended Standing Order of Reference dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

## III.  BACKGROUND

On September 29, 2025, the Debtor filed a petition for Chapter 13 relief. Pet., Dkt. No. 1. This is the Debtor's fourth bankruptcy case. *In re: Hyun Jeong Han*, No. 23-43982 (Bankr.

---

[1] All references to "Dkt. No." refer to the docket entries in this case.

2

E.D.N.Y. filed Oct. 31, 2023) (auto-dismissed for filing deficiencies Dec. 18, 2023); *In re: Hyun Jeong Han*, No. 24-11599 (Bankr. S.D.N.Y. filed Sept. 16, 2024) (auto-dismissed for filing deficiencies Nov. 15, 2024); *In re: Hyun Jeong Han*, No. 25-10861 (Bankr. S.D.N.Y. filed Apr. 29, 2025) (auto-dismissed for filing deficiencies July 15, 2025). On October 14, 2025, the Debtor filed a proposed Chapter 13 plan. Dkt. No. 14.

The WSFS Motion argues that the present case is the Debtor's fourth to forestall a foreclosure action, as: 1) *In re: Hyun Jeong Han*, No. 23-43982 (Bankr. E.D.N.Y. filed Oct. 31, 2023) was filed one day prior to a November 1, 2023 foreclosure sale; 2) *In re: Hyun Jeong Han*, No. 24-11599 (Bankr. S.D.N.Y. filed Sept. 16, 2024) was filed two days prior to a September 18, 2024 foreclosure sale; 3) *In re: Hyun Jeong Han*, No. 25-10861 (Bankr. S.D.N.Y. filed Apr. 29, 2025) was filed one day prior to an April 30, 2025 foreclosure sale; and 4) the present case was filed two days prior to an October 1, 2025 foreclosure sale. WSFS Motion at 3. The WSFS Motion also notes that all of the prior cases were dismissed for filing deficiencies, and the present case is subject to an objection as the plan does not provide for full payment of arrears. *Id.* The WSFS Motion argues that this is evidence of the Debtor's scheme to delay, hinder, and defraud creditors pursuant to 11 U.S.C. § 362(d)(4). *Id.* The WSFS Motion also argues for relief under § 362(d)(1)–(2), citing missed mortgage payments, and arguing that the Debtor lacks equity in the property as "the outstanding liens secured by the Property exceed the current value of the Property." *Id.* at 4–5.[2] Lastly, the WSFS Motion requests a waiver of the 14-day stay under Federal Rule of Bankruptcy Procedure 4001(a)(4). *Id.* at 6.

---

[2] Although the WSFS Motion states that "the outstanding liens secured by the Property exceed the current value of the Property," the WSFS Motion only provides the value of the property ($1,600,000) and the total owed on the WSFS loan ($814,522.75), and not the total value of the outstanding liens. WSFS Motion at 4–5.

3

The Wells Fargo Motion requests an order confirming that the automatic stay did not go into effect, pursuant to 11 U.S.C. § 364(c)(4)(A)(i), given the Debtor's two prior filings that were dismissed within a year of the present petition. Wells Fargo Motion at 3–5.

The Opposition argues that "[t]he current case is fundamentally different" from the Debtor's prior filings, as in the earlier cases "Debtor was unrepresented or poorly advised," whereas in the present case the Debtor promptly retained counsel and has filed all the required schedules and statements, has submitted a plan, and has appeared and testified at the 11 U.S.C. § 341 meeting. *Id.* at 2. The Opposition notes that the property in question is the Debtor's residence and is central to any feasible plan, and that there is a substantial equity cushion: WSFS values the property at $1,600,000, and the "foreclosure judgment amount" on the WSFS loan is $665,379.10. *Id.* Under these facts, the Opposition argues, WSFS cannot establish relief under any provision of § 362(d). *Id.* at 3. The Opposition concedes that Wells Fargo is correct that no stay arose automatically under § 362(c)(4)(A)(i), but argued that Wells Fargo "ignores" § 362(c)(4)(B), which allows the Debtor to move to impose the stay. *Id.*

On December 18, 2025, this Court held a hearing on the WSFS Motion and the Wells Fargo Motion. The Court raised the issue of whether it could grant the relief Debtor sought pursuant to § 362(c)(4)(B), as the Debtor had not raised that request within 30 days of the petition date. The Debtor acknowledged that the request was untimely under § 362(c)(4)(B), and alternatively asked this Court for relief pursuant to its equitable authority under 11 U.S.C. § 105(a). Recognizing that the Debtor's prior cases were filed pro se, and that Debtor now had counsel, the Court adjourned the hearing until January 15, 2026 and allowed the Debtor to submit additional briefing.

On December 29, 2025, the Court granted the Debtor's loss mitigation request with

4

WSFS. Dkt. No. 28.

The Debtor submitted the Supplemental Brief in opposition to the WSFS Motion and the Wells Fargo Motion, seeking relief under § 105(a) to enjoin any foreclosure action as to the Debtor's residence. Supplemental Brief at 1. The Supplemental Brief "acknowledges that under § 362(c)(4), no automatic stay went into effect upon the filing of this case and that the 30-day period for requesting imposition of the automatic stay under § 362(c)(4)(B) has now expired." *Id.* at 2. Accordingly, instead of seeking relief under § 362(c)(4)(B), the Debtor seeks relief under § 105(a). *Id.* at 8–12. The Supplemental Brief repeats the equitable arguments raised in the Debtor's original Opposition, stating that the Debtor is making a good-faith effort to prosecute the case. *Id.* at 12–14. Lastly, the Debtor argues that the injunctive relief factors weigh in favor of a stay: the Debtor has a likelihood of success of putting forth a feasible and confirmable plan, *id.* at 14–15; irreparable harm will result from foreclosure on the Debtor's home, *id.* at 15; any prejudice to the creditor is mitigated by, inter alia, the substantial equity cushion in the property and the Debtor's commencement of plan payments, *id.* at 15–16; and the public interest factors weigh in the Debtor's favor, *id.* at 16.

IV.   **LEGAL ANALYSIS**

   A. **Legal Standard**

11 U.S.C § 362(a) "operates as a stay, applicable to all entities, of . . . the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title," *id.* at (a)(2), as well as "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," *id.* at (a)(3). This automatic stay "operates to protect debtors by giving them temporary relief from creditors and protects creditors as a whole by avoiding a first-come first-served race

5

to the debtor's assets." *Kommanditselskab Supertrans v. O.C.C. Shipping, Inc.*, 79 B.R. 534, 540 (S.D.N.Y. 1987).

However:

> [I]f a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b) . . . the stay under subsection (a) shall not go into effect upon the filing of the later case[.]

11 U.S.C. § 362(c)(4)(A)(i).

"[O]n request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect." 11 U.S.C. § 362(c)(4)(A)(ii).

Additionally:

> [I]f, within 30 days after the filing of the later case, a party in interest requests the court may order the stay to take effect in the case as to any or all creditors (subject to such conditions or limitations as the court may impose), after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed[.]

11 U.S.C. § 362(c)(4)(B).

Furthermore:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

This provision provides the Bankruptcy Court with authority to issue an injunction, and "has been construed liberally to enjoin suits that might impede the reorganization process." *Macarthur Co. v. Johns-Manville Corp.*, 837 F.2d 89, 93 (2d Cir. 1988). "[I]n exercising those statutory and inherent powers, a bankruptcy court may not contravene specific statutory

6

provisions." *Law v. Siegel*, 571 U.S. 415, 421 (2014). The "equitable powers . . . in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code." *Id.* (citation omitted). Section 105(a) "serves only to carry out authorities expressly conferred elsewhere in the code." *Harrington v. Purdue Pharma L.P.*, 603 U.S. 204, 216 n.2 (2024) (citations omitted); *cf. Maryland v. Purdue Pharma L.P. (In re Purdue Pharma L.P.)*, No. 24-Civ-7042, 2024 U.S. Dist. LEXIS 216421, at *19 (S.D.N.Y. Nov. 26, 2024) ("Nothing in . . . *Harrington* so much as discusses, let alone reverses, the power of a bankruptcy court . . . to temporarily enjoin litigation . . . against debtors," as "such an injunction would fall within the 'related to' jurisdiction of the Bankruptcy Court, which is about as broad as it can possibly be. It encompasses any action whose 'outcome might have any conceivable effect on the bankrupt estate.'" (citing *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 340 (2d Cir. 2018)).

### B. WSFS Motion, Wells Fargo Motion, and Debtor's Motion for 11 U.S.C. § 105(a) Injunction

    i. WSFS Motion for Relief Pursuant to 11 U.S.C. § 362(d)(1)–(2), (4)

        1. 11 U.S.C. § 362(d)(4)

A secured creditor can seek relief from the stay "if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved . . . multiple bankruptcy filings affecting such real property." 11 U.S.C. § 362(d)(4)(B). The party seeking relief carries the burden on the motion. *In re O'Farrill*, 569 B.R. 586, 591 (S.D.N.Y. Bankr. 2017) ("[T]he language [in section 362(d)(4)] was deliberately chosen by Congress to impose a substantial burden of proof on secured creditors." (citing 3 Collier on Bankruptcy ¶ 362.05[19][a])). The Court agrees with the Debtor that the deficiencies in the Debtor's prior cases were the result of Debtor's confusion and proceeding pro se, Opposition at 5, whereas the Debtor now has counsel and has prosecuted the case, Supplemental Brief at 12–14. The Court concludes

7

that WSFS has not met its burden to demonstrate the Debtor's "scheme to delay, hinder, or defraud creditors that involved . . . multiple bankruptcy filings." 11 U.S.C. § 362(d)(4)(B).

2. 11 U.S.C. § 362(d)(1)–(2)

A party in interest can seek relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest," 11 U.S.C. § 362(d)(1), or if "the debtor does not have an equity in such property; and . . . such property is not necessary to an effective reorganization," *id.* at (d)(2). The movant carries the burden of proof on the issue of the debtor's equity. *Wilmington Trust Co. v. AMR Corp. (In re AMR Corp.)*, 490 B.R. 470, 477 (S.D.N.Y. 2013) (quoting 11 U.S.C. § 362(g)). "It is well-settled that the existence of an equity cushion can be sufficient, in and of itself, to constitute adequate protection." *Id.* at 478.

The Court agrees with the Debtor that there is a substantial equity cushion in the property. Opposition at 2–3. "An equity cushion exists when the value of the property exceeds the aggregate value of liens on the property." *In re Singh*, No. 25-10431, 2025 Bankr. LEXIS 1905, at *8 (Bankr. S.D.N.Y. 2025). WSFS values the property at $1,600,000, and represents that the total value owed on its loan is $814,522.75. WSFS Motion at 4–5. The Debtor's schedules value the junior lien on the home at $251,350, and Wells Fargo provides a similar figure ($255,760.81). Schedule D, Dkt. No. 12 at 12; Wells Fargo Motion, Dkt. No. 23-4 at 2. Accordingly, even accounting for both liens on the home, there is an equity cushion of over approximately 30%. *See, e.g., In re Singh*, 2025 Bankr. LEXIS 1905, at *8–18 (denying relief under § 362(d)(1)–(2) given the existence of a substantial equity cushion).

ii. Wells Fargo Request for an Order Pursuant to 11 U.S.C. § 364(c)(4)(A)(i)

As the Debtor now concedes, "no automatic stay went into effect upon the filing of this case and . . . the 30-day period for requesting imposition of the automatic stay under §

8

25-12126-jpm    Doc 36    Filed 01/23/26    Entered 01/23/26 16:31:19    Main Document
                                    Pg 9 of 11

362(c)(4)(B) has now expired." Supplemental Brief at 2. Accordingly, the Court GRANTS IN PART the Wells Fargo Motion, insofar as that motion requests an order stating that the automatic stay did not go into effect. However, for the reasons discussed below, the Court also GRANTS the Debtor's request for a § 105(a) injunction, and thus a stay is in place as to the Debtor's residence.

            iii.   Debtor's request for an 11 U.S.C. § 105(a) injunction

As cited above, this Court's equitable authority under § 105(a) permits it to issue injunctions that serve to protect the reorganization process, provided that the Court does not contravene specific statutory provisions. *Harrington*, 603 U.S. at 216 n.2; *Law*, 571 U.S. at 421; *Macarthur Co.*, 837 F.2d at 93. The Court notes that the specific issue of whether § 105(a) permits the Court to issue a separate injunction, given that the automatic stay never went into effect in this case, despite the Debtor's failure to move within 30 days to request the imposition of the stay as stated in § 362(c)(4)(B), has not been specifically addressed by the Second Circuit or the other United States Circuit Courts of Appeals.

The Third Circuit, in considering a related issue – whether § 105(a) permits the Court to issue an injunction notwithstanding a separate 30-day deadline found in § 362(e) – has held in line with a majority of courts, including the Fourth and Fifth Circuits, that "the broad injunctive powers of section 105(a) authorize bankruptcy courts to reimpose a stay which has lapsed under section 362(e)." *In re Wedgewood Realty Group, Ltd.*, 878 F.2d 693, 700–01 (3d Cir. 1989). This was in part because "the standards applied to reimpose the stay under injunctive principles are more stringent than those applied under section 362(d) to continue the stay," as the Debtor must show "substantial likelihood of success on the merits, irreparable harm to the movant, harm to the movant outweighs harm to the nonmovant, and injunctive relief would not violate public

interest." *Id.* Moreover, courts in this District have at least contemplated that this Court has the power pursuant to § 105(a) to issue a stay where the automatic stay has lapsed under § 362(c)(3). *Nath v. Select Portfolio Servicing, Inc. (In re Nath)*, No. 15-CV-3694, 2017 U.S. Dist. LEXIS 49393, at *8–9 (S.D.N.Y. March 31, 2017) ("[S]ome courts, recognizing the injustice that may result from rigid application of [§] 362(c)(3), have exercised their inherent equitable powers under 11 U.S.C. § 105(a) to reimpose the automatic stay even after it has lapsed due to the debtor's failure to satisfy [§] 362(c)(3)'s requirements" (citing *Chekroun v. Weil (In re Weil)*, No. 3:12-cv-462, 2013 U.S. Dist. LEXIS 60500, at *3 n.1 (D. Conn. April 29, 2013))); *In re Vorburger*, No: 09-13871, 2010 Bankr. LEXIS 2970, at *2 (Bank. S.D.N.Y. August 31, 2010) ("In order to obtain a reinstatement of the stay despite failing to make a proper and timely motion for continuation under § 362(c)(3)(B), the Debtor would have had to move for the Court to exercise its authority under 11 U.S.C. § 105(a)."). In light of the foregoing precedent, the Court concludes that it has the authority to issue the injunction the Debtor requests. And in absence of a specific opposition to the Debtor's request, the Court further agrees with the Debtor that it has met its burden on the injunctive factors, especially given the Debtor's prosecution of this case thus far, the irreparable harm that will result from foreclosure, and the substantial equity cushion in the property and the Debtor's commencement of plan payments. Supplemental Brief at 14–16.

## V.    CONCLUSION

The WSFS Motion, Dkt. No. 22, is DENIED, as the movant failed to meet its burden under 11 U.S.C. § 362(d)(4), and a substantial equity cushion obviates the need for relief under 11 U.S.C. § 362(d)(1)–(2).

The Wells Fargo Motion, Dkt. No. 23, is GRANTED IN PART, as the automatic stay did not go into effect in this case. However, the Court also GRANTS the Debtor's request for a §

10

105(a) injunction, Dkt. No. 31, as to Debtor's residence, as the Debtor has met the burden to satisfy the injunction factors.

**IT IS SO ORDERED.**

Dated: January 23, 2026      /s/ John P. Mastando III
      New York, New York      HONORABLE JOHN P. MASTANDO III
                                                 UNITED STATES BANKRUPTCY JUDGE